UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

**LAWAYNE PERKINS**

**Plaintiff,**

Vs.

THE CITY OF NEW YORK;
NEW YORK CITY POLICE COMMISSIONER **JAMES P. O'NEILL**, in his individual and official capacities;
NEW YORK CITY MAYOR Bill de Blasio, in his individual and official capacities;
NEVILLE O. MITCHELL, ESQ
DETECTIVE JOHN DOES #1
DETECTIVE JOHN DOES #2
DETECTIVE JOHN DOES #3

**Defendants,**

---------------------------------------------------------x

**CV18  477**

CIVIL COMPLAINT    COGAN, J.

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is a civil rights action brought by Plaintiff Lawayne Perkins to seek redress and remedy as against named Defendants' violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* ("Title VI"), and the Constitution and laws of the State of New York.



RECEIVED JAN 23 2018 PRO SE OFFICE

2. The Defendants in this action, the City of New York ("City"), New York City Police Commissioner James P. O'Neill ("O'Neill"), the Mayor of the City of New York, Bill de Blasio ("Blasio") and New York City Police detectives John Does 1-3 acting in their acclaimed capacities for the NYPD, and have implemented and have continued to enforce, encourage and sanction a policy, practice and/or custom of unconstitutional detentions, "sting operations, malicious prosecutions and frisks of New York City residents.

## STATEMENT OF FACTS

3. As a result of the said policy, Plaintiff on the day of April 28, 2010, was lawfully employed and was working in the vicinity of 23rd Street and 1st Avenue in New York City, New York County, when at approximately 8:00 am defendant detectives of the NYPD called him on his cell phone and asked him if he knew an individual named "Lance".

4. Plaintiff informed the detectives that he did not know the individual but suggested that they should leave a picture of the individual and he would take a look.

5. The defendant detectives demanded and insisted to meet physically with plaintiff to show him the picture and plaintiff agreed to meet them on 23rd Street and 1st Avenue.

6. Defendants later arrived in a Minivan and three Caucasian male detectives came out of the vehicle and approached plaintiff and aggressively shoved him into the vehicle.

7. Plaintiff enquired from the detectives what the situation was and if he was under arrest.

8. Plaintiff was ordered by the detectives to step out of the vehicle to be searched for weapons.

9. Plaintiff informed the detectives that he had no weapon on his person and requested that they not handcuff him in front of his place of employment. The Detectives obliged and drove him a few blocks to a gas station on 1st Avenue, handcuffed him but never informed him if he was actually under arrest.

10. Plaintiff was transported against his will to the 106th precinct in the county of Queens by the defendants and placed him in a room where he was cuffed to a metal bar and then told him he was under arrest for murder.

11. He was taken to Queens County Central booking and detained against his will for approximately 50 hours. As a result Plaintiff was absent from his employment for over three days without authorization from his employers.

12. Plaintiff as a result of the unlawful seizure of his natural body and subsequent forced confinement was, bruised, injured, and his physical body damaged and tortured in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

13. The NYPD's widespread constitutional abuses have flourished as a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented and enforced by the City, O'Neill and De Blasio. The City, O'Neill and De Blasio, and a violent MOB OF THE POLICE OFFICERS have acted with deliberate indifference to the constitutional rights of plaintiff Lawayne Perkins and have irreparably damaged him.

14. The defendants O'Neill and De Blasio have acted with deliberate indifference to the constitutional rights of plaintiff by: (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately monitoring NYPD officers and their stop and frisk

practices, (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the NYPD's unconstitutional practices.

15. As a direct and proximate result of defendants' policies, practices and/or customs, plaintiff was subjected to violent and malicious unconstitutional seizure, confiscation, brutality, and dehumanization by the named NYPD officers in this complaint.

## JURISDICTION

Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

16. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

17. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

18. Plaintiff demands trial by jury in this action on each and every one of his claims.

## PARTIES

19. Plaintiff Lawayne Perkins is an African-American National who resided in New York City on the day of incident; where active and rampant frisks, stops, and unconstitutional seizures take place daily.

## DEFENDANTS

20. Defendant CITY OF NEW YORK ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police

officers. The NYPD's operations include the operations as described herein. Upon information and belief, the law enforcement activities of the NYPD are funded, in part, with funds from the federal government.

21. Defendant New York City Police Commissioner JAMES P. O'NEILL is and was, at all times relevant herein, the Police Commissioner for the City, and is and was responsible for, and the chief architect of, the policies, practices and or customs of the NYPD, a municipal agency of the City. He is and was, at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued individually and in his official capacity.

22. Defendants NEW YORK CITY POLICE OFFICERS/DETECTIVES 1-3 are or were, at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Defendants NEW YORK CITY POLICE DETECTIVES 1-3, are sued in their individual capacities.

23. Defendant BILL de BLASIO is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the NYPD. He is sued in both his individual and official capacities.

24. At all times relevant herein, Defendants NEW YORK CITY POLICE DETECTIVES 1-3, BLASIO, and O'NEILL have acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, Defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

25. At all times relevant herein, Defendants NEW YORK CITY POLICE DETECTIVES 1-3, BLASIO, and O'NEILL have violated clearly established constitutional standards under the Fourth Amendment and the Equal Protection Clause of the

Fourteenth Amendment of which a reasonable person would have known.

26. Defendant, NEVILLE O. MITCHELL, ESQ, is the Attorney that was hired by plaintiff to represent him in a previously filed lawsuit bearing the DOCKET#: 1:13-CV-02496-BMC, but refused and abandoned the action to the detriment of plaintiff's due process rights and as such is held accountable herein.

27. Plaintiff seeks leave of this Honorable Court to incorporate the contents of the action bearing DOCKET#: 1:13-CV-02496-BMC, into this one as if fully reproduced.

## FIRST CLAIM

**(Claims Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violations of the Fourth Amendment)**

28. Plaintiff repeats and re-alleges paragraphs from 1 to 27 above as if fully set herein.

29. The City, BLASIO, and O'NEILL, and The violent MOB OF NEW YORK CITY POLICEDETECTIVES have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and seizing African Americans without the legitimate cause or reasonable articulable suspicion of

criminality required by the Fourth Amendment. These constitutional abuses and its twin unconstitutional searches and seizures and the use of excessive force have now become a huge blot on the face of the City of New York.

30. The NYPD's constitutional abuses and violations were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by the City, BLASIO, and O'NEILL, including: (1) the failure to adequately and properly screen, train, and supervise NYPD officers; (2) the failure to properly and adequately monitor and discipline NYPD officers; and (3) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's unconstitutional seizures, brutality and violence against African American Nationals.

31. Each of the Defendants has acted with deliberate indifference to the Fourth Amendment rights of Plaintiff. As a direct and proximate result of the acts and omissions of each of the Defendants, Plaintiff's Fourth Amendment rights have been violated. By acting under color of state law to deprive Plaintiff of his rights under the Fourth Amendment, the Defendants are in

violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

32. The NYPD targets Black and Latino individuals for illegal stops and frisks which result to unconstitutional seizures, violence and possible deaths in plaintiff's neighborhood. Thus, a real and immediate threat exists that Plaintiff's Fourth Amendment rights will be violated by NYPD officers in the future. Moreover, because Defendants' policies, practices and/or customs subjected Plaintiff to violent stops and frisks without any reasonable, articulable suspicion of criminality, and often on the basis of race and/or national origin, plaintiff cannot alter their behavior to avoid future violations of their Constitutional and civil rights at the hands of the NYPD.

33. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of no constitutional stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## SECOND CLAIM

## (Claims Pursuant to 42 U.S.C. § 1983 Against All Defendants for Violations of Equal Protection Clause)

34. Plaintiff repeats and re-alleges paragraphs from one to thirty-three above as if fully set herein.

35. The City, BLASIO, and O'NEILL, a violent MOB OF NEW YORK CITY POLICE DEPARTMENT DETECTIVES have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping and frisking individuals without the reasonable articulable suspicion of criminality required by the Fourth Amendment. These constitutional abuses and its twin unconstitutional searches and seizures and the use of excessive force have now become a huge blot on the face of the City of New York.

36. The NYPD targets Black and Latino individuals for NYPD's unconstitutional seizures, brutality and violence against African American Nationals. Thus, a real and immediate threat exist that Plaintiff's Fourth Amendment rights will be violated by NYPD officers in the future. Moreover, because Defendants' policies, practices and/or customs subjected Plaintiff to violent

stops, frisks and seizures without any reasonable, articulable suspicion of criminality, and often on the basis of race and/or national origin, plaintiff cannot alter their behavior to avoid future violations of their Constitutional and civil rights at the hands of the NYPD.

37. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of no constitutional stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

## THIRD CLAIM (Claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* Against the City of New York)

38. Plaintiff repeats and re-alleges paragraphs from one to thirty-seven above as if fully set herein.

39. The law enforcement activities described in this complaint have been funded, in part, with federal funds.

40. Discrimination based on race in the law enforcement activities and conduct described in this complaint are prohibited under 42

U.S.C. § 2000(d), *et seq.* The acts and conduct complained of herein by the Defendants were motivated by racial animus, and were intended to discriminate on the basis of race and/or had a disparate impact on minorities, particularly Blacks and Latinos.

41. As a direct and proximate result of the above mentioned acts, Plaintiff has suffered injuries and damages and has been deprived of his rights under the civil rights laws. Without appropriate injunctive relief, these violations will continue to occur.

## FOURTH CLAIM

**(Plaintiff's Claims Pursuant to 42 U.S.C. § 1983 Against Defendants NEW YORK CITY POLICE DETECTIVES 1-3 DAY OF APRIL 28, 2010, )**

42. Plaintiff repeats and re-alleges paragraphs from 1 to 41 above as if fully set herein.

43. The conduct of defendants NYPD DETECTIVES 1-3 DAY OF APRIL 28, 2010, in engaging in and promoting and enforcing a sting operation of a violent unconstitutional seizures due to plaintiff's Nationality and Skin color, performed under color of

Case 1:18-cv-00477-BMC-VMS   Document 1   Filed 01/23/18   Page 15 of 18 PageID #: 15

Page 15 of 18

law has left plaintiff irreparably scarred him forever and constitutes racial profiling at its most despicable description.

44. As a direct and proximate result of such acts, defendants NYPD DETECTIVES 1-3 deprived Plaintiff Perkins of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

45. As a direct and proximate result of those constitutional abuses, Plaintiff Perkins has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

46. The acts of defendants NYPD DETECTIVES 1-3, on the DAY OF APRIL 28, 2010, were intentional, wanton, malicious, reckless and oppressive, thus entitling Plaintiff to an award of punitive damages.

## FIFTH CLAIM

**(Violation of Plaintiff's Rights Under New York Law)**

47. Plaintiff repeats and re-alleges paragraphs from 1 to 46 above as if fully set herein.

48. By the actions described above, each and every Defendant, jointly and severally, has committed the following wrongful acts

against Plaintiff, which are tortuous under the Constitution and laws of the State of New York:

a) assault and battery;

b) trespass;

c) violation of the right to privacy;

d) negligence; and

e) violation of rights otherwise guaranteed under the Constitution and laws of the State of New York.

49. In addition, Defendants City, BLASIO & O'NEILL were negligent in their hiring, defendants NEW YORK CITY POLICE DETECTIVES 1-3 on the DAY OF APRIL 28, 2010,

50. **WHEREFORE,** plaintiff as to all his causes of action demands the sum of 20 million dollars ($20 million dollars) against all defendants, THE CITY OF NEW YORK, BLASIO & O'NEILL and against NEW YORK CITY POLICE DETECTIVES 1-3, on the DAY OF APRIL 28, 2010, in their individual capacities as restitution, reparation, and punitive damages for all their reprehensible violent acts and bodily harm and damages sustained in the hands of all defendants.

51. Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: King's County, New York
January 17, 2018

Dropped off
January 23, 2018

By: /s/ *signature*
Lawayne Perkins
1340 East 52nd street
Brooklyn NY 11234
917 858 5276

## SERVICE ADDRESSES FOR DEFENDANTS

**ZACHARY W. CARTER**
**CORPORATION COUNSEL OF THE CITY OF NEW YORK**
100 CHURCH STREET
NEW YORK, NY 10007

ATTORNEY FOR ALL DEFENDANTS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
225 CADMAN PLAZA E,
BROOKLYN, NY 11201

**NEVILLE O MITCHELL ESQ.**
184 E 161ST ST,
BRONX, NY 10451