

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH RIZZA**
*Assistant Corporation Counsel*
Phone: (212) 356-2670
Fax: (212) 356-3509
jrizza@law.nyc.gov

February 15, 2018

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Lewayne Perkins v. City of New York, et al.</u>
               18-CV-00477 (BMC) (VMS)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and am assigned to defend the City of New York in the above-referenced matter. I write to respectfully request a Pre-motion Conference for the purpose of discussing Defendant's anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      By way of background, plaintiff *pro se* alleges, *inter alia*, that, on or about April 28, 2010, three detectives from the New York City Police Department approached him and aggressively shoved him into their vehicle. <u>See</u> Complaint, at ¶ 6. Plaintiff further alleges that he was transported against his will to the 106th Precinct in Queens, where he was told he was under arrest for murder. <u>See</u> <u>id.</u> at ¶ 10. On January 23, 2018, plaintiff bought a civil action against the City of New York, New York City Police Commissioner James P. O'Neill, three "John Doe" New York City Police Officer/Detectives, New York City Mayor Bill de Blasio, and Neville O. Mitchell, an attorney previously retained by plaintiff. Liberally construing the Complaint, plaintiff asserts claims under 42 U.S.C. Section 1983 for false arrest, failure to properly train and supervise NYPD officers, and violation of the equal protection clause as well violation of Title VI of the Civil Rights Act of 1964. Further, plaintiff brings claims under New York State law for assault and battery, trespass, violation of the right to privacy, negligence, and violation of rights guaranteed by the New York State Constitution.

      For the reasons set forth below, defendant City of New York respectfully contends that plaintiff's Complaint was filed past the statute of limitations period and should be dismissed in its entirety with prejudice. Further, the claims against the three defendant New York City Police

Department "John Doe" detectives should also be dismissed in their entirety with prejudice, as such claims will be similarly time-barred.

### A. Plaintiff's Section 1983 Claims Involving his Arrest Should be Dismissed as Time-Barred.

Plaintiff brings actions under 42 U.S.C. Section 1983 for violations of the Fourth Amendment, the Fourteenth Amendment, alleging in the Complaint that the incident that is the subject of the pending action occurred on April 28, 2010. A Section 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). The statute of limitations in a 42 U.S.C. Section 1983 suit is the same as that provided by New York State for personal injury torts. Mayes v. New York City Police Dep't, 2011 U.S. Dist. LEXIS 60465, *10 (S.D.N.Y. June 6, 2011). New York State imposes a three-year statute of limitations on personal injury actions, which applies to cases brought under 42 U.S.C. Section 1983. Id.

In this instance, the arrest that gave rise to plaintiff's Section 1983 claims arose on April 28, 2010. Given the three-year statute of limitations, plaintiff's claims could have lawfully been brought until April 28, 2013. Here, plaintiff filed his complaint on January 23, 2018, well after the statute of limitations expired. Therefore, plaintiff's Section 1983 claims are time-barred.

### B. Plaintiff's State Law Claims Involving his Arrest Should be Dismissed as Time-Barred.

Plaintiff's claims under New York State law should also be dismissed. New York State law applies a one-year statute of limitations to intentional torts. Carter v. Port Auth. of N.Y. & N.J., 2004 U.S. Dist. LEXIS 25633, *10 (S.D.N.Y. Dec. 17, 2004); Lucas v. Novogratz, 2002 U.S. Dist. LEXIS 24321, *15 (S.D.N.Y. Dec. 17, 2002); Mejia v. City of New York, 119 F. Supp. 2d 232, 284 (E.D.N.Y. 2000). In addition, state law claims for negligence have a three-year statute of limitations. Sawyer v. Wight, 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002). Further, the New York State Court of Appeals has ruled that the statute of limitations for state constitutional claims against a municipality should be governed by the same principles as that for Section 1983 claims, which is three years. Schiller v. City of New York, 2008 U.S. Dist. LEXIS 4253, *36 (S.D.N.Y. Jan. 23, 2008) (citing 423 South Salina Street, Inc. v. City of Syracuse, 68 N.Y.2d 474, 482 (1986)).

Here, plaintiff brings state law claims for assault and battery, trespass, violation of the right to privacy, negligence and violation of rights otherwise guaranteed under the constitution and law of the State of New York. Plaintiff's claims began to accrue on the date of his arrest, April, 28, 2010. Filing the present action on January 23, 2018, is clearly untimely as the statues of limitations for intentional torts, negligence and claims under the New York State Constitution have long expired. Moreover, plaintiff's claims under the New York State Constitution must also fail since district courts in the Second Circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under Section 1983. Ying Li v. City of New York, 246 F. Supp. 3d 578,

639 (E.D.N.Y. March 31, 2017) (citing Campbell v. City of New York, 2011 U.S. Dist. LEXIS 144352, *13 (E.D.N.Y. Dec. 15, 2011).

### C. Plaintiff's Claim Under Title VI of the Civil Rights Act of 1964 Should be Dismissed as Time-Barred.

Plaintiff also asserts a claim under Title VI of the Civil Rights Act of 1964, alleging discrimination based upon race in law enforcement activities. This claim should also be dismissed as time-barred. Title VI does not contain an express statute of limitations. However, claims under the statute fall within the three-year statute of limitations applicable to personal injury causes of action in New York State, which courts have held to be the most closely analogous statute of limitations. Martin v. State Univ. of New York, 704 F. Supp. 2d 202, 234 (E.D.N.Y. March 26, 2010); Benzo v. New York State Div. of Human Rights, 1997 U.S. Dist. LEXIS 901, *19-20 (S.D.N.Y. Jan. 29, 1997); Barcia v. Sitkin, 89 F.R.D. 382, 385 (S.D.N.Y. 1981). Plaintiff brings his claim under Title VI of the Civil Rights Act of 1964 well after the three-year statute of limitation has long expired. Therefore, this claim should also be dismissed as time-barred.

### D. Conclusion.

The statutes of limitations for the plaintiff's causes of action began to accrue on April 28, 2010, the date that plaintiff was arrested. Plaintiff filed the pending action on January 23, 2018, well after the applicable statute of limitations, which are: three years for plaintiff's claims under 42 U.S.C. Section 1983; three years for plaintiff's Title VI claim; one year for plaintiff's state law intentional tort claims; three years for plaintiff's negligence action; and three years for plaintiff's New York State Constitution claims. Thus, plaintiff fails to state a claim for which relief may be granted. Based on the foregoing, Defendant respectfully requests a Pre-motion Conference for the purpose of discussing its anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Thank you for your consideration herein.

Respectfully submitted,
/s/
Joseph Rizza
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Lewayne Perkins
1340 East 52nd Street
Brooklyn, New York 11234
*Plaintiff pro se*
(*via first class mail*)

---

[1] The City of New York respectfully notes that an amendment to name individual state actors in place of "John Doe" defendants would be futile for the same reasons set forth herein.