```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    C/M
----------------------------------------------------------- X
 LEWAYNE PERKINS,                               :
                                                :
                         Plaintiff,             :
                                                :   **MEMORANDUM DECISION AND**
                 - against -                    :   **ORDER**
                                                :
 CITY OF NEW YORK, et al.,                      :
                                                :   18 Civ. 00477 (BMC) (VMS)
                         Defendants.            :
                                                :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff *pro se* brought this action against the City of New York, the police commissioner, the mayor, his former attorney, and several John Doe detectives, alleging various violations of his civil rights, as well as state tort claims. Plaintiff's claims arise out of his arrest on April 28, 2010. Liberally construed, plaintiff asserts claims under U.S.C. § 1983 for false arrest, failure to properly train and supervise NYPD officers, and violation of the equal protection clause, as well as violation of Title VI of the Civil Rights Act of 1964. Plaintiff also brings claims under New York State law for assault and battery, trespass, violation of the right to privacy, negligence, and violation of rights guaranteed by the New York State Constitution. The City has moved to dismiss plaintiff's complaint, and for the reasons below, its motion is granted.

This is not plaintiff's first complaint arising out of his 2010 arrest. Plaintiff previously filed a suit based on the same arrest and alleging similar claims in 2013, Perkins v. City of New York, (13-cv-2496). That case was brought against the City, the police department, the commissioner, and three John Doe detectives, alleging various civil rights violations.

The Court granted the City's unopposed motion to dismiss plaintiff's earlier complaint on the merits. The principal ground was that the complaint showed on its face that the claims were

time-barred; the case was filed on the eve of the expiration of the statute of limitations, and plaintiff had named only John Doe defendants, so that an amendment against them would not relate back to the filing date. More than four years later, plaintiff moved to vacate the dismissal of his first complaint, explaining his non-opposition by claiming that the attorney who had represented him had abandoned the case. The Court denied the motion to vacate, noting that the case had not been dismissed for a lack of prosecution and that regardless, plaintiff failed to exercise reasonable diligence in attempting to contact his attorney. Subsequently, the Court found that plaintiff's counsel had, indeed, abandoned the case, and publicly admonished him for doing so, although it also reiterated that counsel's abandonment did not affect the dismissal.

Plaintiff's current complaint is barred by the doctrine of *res judicata*, which the Court can raise *sua sponte*. See Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998). The doctrine bars a party from relitigating claims that were or could have been raised by that party in a prior forum where the litigation was resolved on the merits. See Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). *Res judicata* "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018). Dismissal under Rule 12(b)(6) is appropriate when the complaint, considered along with facts in the public record, plainly establishes that the case is barred by *res judicata*. See AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003). "[D]ismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983). Plaintiff's original suit was, therefore, adjudicated on the merits.

Here, plaintiff's new complaint alleges nothing that he did not or could not have brought along with his 2013 complaint. The claims arise out of the same arrest, are brought against the

2

City, the commissioner, and John Doe officers, and generally describe the same kinds of civil rights violations. Plaintiff's state law claims, including assault and battery, against John Doe detectives clearly arise from the same "nucleus of operative facts" as did his earlier claims, and it would have been appropriate to resolve them jointly. Furthermore, defendants would reasonably expect to have all claims against them arising from plaintiff's arrest dealt with in a single proceeding. Accordingly, *res judicata* applies and bars this suit.

Even if plaintiff had not filed his earlier suit, however, the claims alleged in his present suit are subject to dismissal as time-barred. Plaintiff's § 1983 claims for violations of the Fourth and Fourteenth Amendments began to accrue when plaintiff knew or had reason to know of the injury that is the basis of his action. See Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). Those claims are "most analogous to personal injury actions under state law; hence, the corresponding state statute of limitations has been deemed controlling. In New York State, the applicable statute of limitations for personal injuries is three years." Johnson v. Dep't of Hous. Pres. & Dev., 218 F. App'x 5, 6 (2d Cir. 2007). Plaintiff therefore had until April 28, 2013 to bring a complaint. This case, filed on January 23, 2018, is clearly untimely.

Plaintiff's state law claims are also subject to dismissal as time-barred. Intentional torts are subject to a one-year statute of limitations in New York. See In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 118, 126 n.4 (2d Cir. 2013). "The statute of limitations in New York for negligence claims is three years." Triangle Underwriters, Inc. v. Honeywell, Inc., 604 F.2d 737, 744 (2d Cir. 1979). Plaintiff's state constitutional tort claims are subject to a three-year statute of limitations. See Felmine v. City of New York, No. 09-CV-3768, 2012 WL 1999863, at *7 (E.D.N.Y. June 4, 2012). As with his § 1983 claims, plaintiff's state law claims began to accrue on the date of his arrest; all are accordingly untimely.

3

Finally, plaintiff's Title VI claim is also time-barred, as it is subject to a three-year limitations period. See Singh v. Wells, 445 F. App'x 373, 376 (2d Cir. 2011).

Seemingly recognizing that his claims are beyond the applicable limitations periods, plaintiff argues that the Court should apply equitable tolling and allow his case to proceed, because he relied on his attorney's assurance that he was working towards settlement. "Equitable tolling is applicable only in rare and exceptional circumstances, where it is necessary as a matter of fairness." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 801 (2d Cir. 2014) (internal quotations omitted). "To qualify for equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his bringing a lawsuit." Id. at 801 (internal quotations and alterations omitted).

"[A]ttorney negligence may constitute an extraordinary circumstance when it is so egregious as to amount to an effective abandonment of the attorney-client relationship." Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015), as corrected (Nov. 12, 2015) (internal quotations omitted). In the previously filed case, the Court held that plaintiff's counsel abandoned his representation of his client. But plaintiff's admission that "he unsuccessfully waited for up to 3 years to hear news of case update from [his attorney], as he stopped communicating with him," undermines any notion that he has been "pursuing his rights diligently." Plaintiff included as an exhibit to his opposition motion screenshots of a handful of social media messages that he sent to his attorney over the course of the past years, but even charitably read, these do not suggest that plaintiff was working with any degree of diligence to prosecute his claims.

4

Plaintiff's complaint is dismissed for the above reasons.

**SO ORDERED.**

                                                      U.S.D.J.

Dated: Brooklyn, New York
        March 13, 2018